| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**MACH Gen, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**20-1306738** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**9300 US Highway 9W, PO Box 349**<br>**Athens, NY**         ZIP CODE **10215** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**         ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Greene County** | County of Residence or of the Principal Place of Business:<br>**N/A** |
| Mailing Address of Debtor (if different from street address):<br>**c/o Competitive Power Ventures, Inc.**<br>**8403 Colesville Road, Suite 915**<br>**Silver Spring, MD**         ZIP CODE **20910** | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**         ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):  **N/A**
ZIP CODE

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check **one** box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts. |

| Filing Fee (Check **one** box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **MACH Gen, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See Schedule I attached hereto** | Case Number: **Pending** | Date Filed: **March 3, 2014** |
| District: **Delaware** | Relationship: **Affiliates** | Judge: **Pending** |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)            (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br><br>**MACH Gen, LLC** |
|---|---|

| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br><br>X _____<br>  Signature of Joint Debtor<br><br>  _____<br>  Telephone Number (if not represented by attorney)<br><br>  _____<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  (Signature of Foreign Representative)<br><br>  _____<br>  (Printed Name of Foreign Representative)<br><br>  _____<br>  Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X  */s/ Russell C. Silberglied*<br>  Signature of Attorney for Debtor(s)<br>  Russell C. Silberglied (No. 3462)<br>  Printed Name of Attorney for Debtor(s)<br>  Richards, Layton & Finger, P.A.<br>  Firm Name<br>  One Rodney Square, 920 N. King St., Wilmington, DE 19801<br>  Address<br>  (302) 651-7700<br>  Telephone Number<br>  3/3/14<br>  Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>  _____<br>  Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>  _____<br>  Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>  _____<br>  Address |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  *Garry N. Hubbard*<br>  Signature of Authorized Individual<br>  Garry N. Hubbard<br>  Printed Name of Authorized Individual<br>  Chief Executive Officer<br>  Title of Authorized Individual<br>  3/3/14<br>  Date | X _____<br>  Signature<br><br>  _____<br>  Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**<u>Schedule 1</u>**

**Pending Bankruptcy Cases Filed by MACH Gen in this Court**

On the date hereof, each of the affiliated entities listed below (collectively, "<u>MACH Gen</u>") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, in the United States Bankruptcy Court for the District of Delaware. Contemporaneously herewith, MACH Gen is filing a motion requesting the joint administration of these chapter 11 cases for procedural purposes only under the case number assigned to MACH Gen, LLC.

1.    MACH Gen, LLC

2.    MACH Gen GP, LLC

3.    Millennium Power Partners, L.P.

4.    New Athens Generating Company, LLC

5.    New Harquahala Generating Company, LLC

**CERTIFICATE**

Date:  March 3, 2014

I, Garry N. Hubbard, the undersigned chief executive officer of MACH Gen, LLC, a limited liability company organized and existing under the laws of the State of Delaware (the "Company"), hereby certify as follows:

1.      I am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2.      Attached hereto is a true and correct copy of the resolutions of the board of directors (the "Board") of the Company, without exhibits, duly adopted by written consent on February 21, 2014.

3.      Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Board of the Company relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF,** the undersigned has executed this Certificate as of the date first written above.

By:   /s/ Garry N. Hubbard
Name:  Garry N. Hubbard
Title:  Chief Executive Officer

## WRITTEN CONSENT AND RESOLUTION
## OF THE BOARD OF DIRECTORS OF
## MACH GEN, LLC
## A DELAWARE LIMITED LIABILITY COMPANY

### February 21, 2014

**THE UNDERSIGNED**, each a Director serving on the Board of Directors (the "Board") of MACH Gen, LLC, a Delaware limited liability company organized and existing under the laws of the State of Delaware ("MACH Gen"), pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act and in accordance with:  (i) the Amended and Restated Limited Liability Company Agreement of MACH Gen LLC, dated February 22, 2007 (as amended from time to time, the "LLC Agreement"); (ii) the Amended and Restated Limited Liability Company Agreement of New Athens Generating Company, LLC ("NAGC") dated as of August 16, 2004; (iii) the Amended and Restated Limited Liability Company Agreement of New Harquahala Generating Company, LLC ("NHGC") dated as of August 16, 2004; and (iv) the Limited Liability Company Agreement of MACH Gen GP, LLC ("MGGP") dated as of August 16, 2004, do hereby take the following actions and consent to the adoption of the following preambles and resolutions (the "Resolutions"). Each of NAGC, NHGC and MGGP shall be referred to herein individually as a "Subsidiary" and collectively as "Subsidiaries." Each of MACH Gen and each Subsidiary, as well as Millennium Power Partners, L.P. may be referred to herein individually as a "MACH Gen Entity," and collectively, the "Company."

**WHEREAS**, by Resolutions dated January 8, 2014 (the "January 8th Resolutions"), the Board authorized MACH Gen and each of the Subsidiaries, among other things, to enter into a restructuring support agreement, substantially in the form attached to the January 8th Resolutions attached hereto as Exhibit A (such agreement, together with the exhibits attached thereto, and as may be amended, restated, supplemented, or otherwise modified from time to time in accordance with the terms thereof, the "RSA"), and to take certain actions provided for therein with the consent of (the "Restructuring Consents") certain holders of:  (i) equity interests in MACH Gen, holding, in the aggregate, at least 75% in voting rights, and comprising, in the aggregate, at least one-half in number of holders of the membership interests in MACH Gen (the "Consenting Equity Holders"); (ii) claims under the Amended and Restated First Lien Credit and Guaranty Agreement, dated as of June 26, 2012 (the "First Lien Credit Agreement"), holding, in the aggregate, at least 66 2/3% in principal amount outstanding of all such claims, and comprising, in the aggregate, more than one-half in number of all holders of such claims; (the "Consenting First Lien Holders"); and (iii) claims under the Second Lien Credit and Guaranty Agreement, dated as of February 27, 2007, holding, in the aggregate, at least 66 2/3% in principal amount outstanding of all such claims (the "Consenting Second Lien Holders," and collectively with the Consenting Equity Holders and Consenting First Lien Holders the "Consenting Holders");

**WHEREAS**, on January 15, 2014, each of the MACH Gen Entities entered into the RSA;

**WHEREAS**, the RSA contemplates, among other things, upon the occurrence of certain conditions (including obtaining the Restructuring Consents, the "RSA Conditions"), a restructuring of the Company (the "Restructuring") to be implemented through jointly-administered voluntary cases commenced by each MACH Gen Entity, under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to a joint prepackaged plan of reorganization on terms and conditions contained in the chapter 11 plan annexed as Exhibit A to the RSA (the "Plan"), which Plan would be filed by the Company in connection with the commencement of such chapter 11 cases (the "Chapter 11 Cases") by the MACH Gen Entities by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court (the "Voluntary Petitions") and would be supported by the Consenting Holders;

**WHEREAS**, on January 21, 2014, the Company commenced solicitation of the Plan (the "Solicitation") by mailing to parties entitled to vote on the Plan, among other things, the Plan (and all exhibits thereto), the related disclosure statement substantially in the form provided to the Board (and all exhibits thereto) with respect to the Plan (the "Disclosure Statement"), and certain other solicitation materials with respect to the Plan, including ballots (collectively, the "Solicitation Materials");

**WHEREAS**, in connection with the Solicitation of the Consenting Equity Holders, the Company sought consent from the requisite holders of the membership interests under the LLC Agreement as necessary to consummate the Restructuring (including all necessary or appropriate steps to be taken in furtherance thereof, including commencement of the Chapter 11 Cases);

**WHEREAS**, on February 19, 2014, the Company received the results of the Solicitation, which, among other things, indicated the Company had received consent from the requisite holders of the membership interests under the LLC Agreement as necessary to consummate the Restructuring (including all necessary or appropriate steps to be taken in furtherance thereof, including commencement of the Chapter 11 Cases);

**WHEREAS**, each of the RSA Conditions have been duly satisfied;

**WHEREAS**, the Board has reviewed the materials presented by its financial, legal and other advisors and has held numerous discussions (including, without limitation, with its management and such advisors) regarding the liabilities and liquidity position of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's business and operations;

**WHEREAS** the Board's discussions included a full consideration of the strategic alternatives available to the Company, including the Restructuring;

**NOW THEREFORE BE IT:**

### I.   Authorization to Commence Chapter 11 Case

**RESOLVED**, that in the best judgment of the Board, it is advisable and in the best interests of MACH Gen on its own and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, that MACH Gen and each of the Subsidiaries file or cause to be filed, Voluntary Petitions commencing a Chapter 11 Case; and further

**RESOLVED** that Garry N. Hubbard, Chief Executive Officer, and any director designated by the Board (collectively, the "Authorized Officers") be, and each of them hereby is, authorized and directed (any one of them acting alone), consistent with the terms and conditions of the RSA, on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to execute and verify Voluntary Petitions on behalf of and in the name of MACH Gen and the Subsidiaries, as the sole member thereof, and to cause the same to be filed in the Bankruptcy Court, and to file all, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain the relief sought therein, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to employ the law firm of Milbank, Tweed, Hadley & McCloy LLP ("Milbank") as general bankruptcy counsel to represent and assist MACH Gen and the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance MACH Gen's and the Subsidiaries' rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of MACH Gen and the Subsidiaries, as the sole member thereof, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Cases, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Milbank; and further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to employ the firm of Moelis & Company ("Moelis") as financial advisor and investment banker to represent MACH Gen and the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance MACH Gen's and the Subsidiaries' rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of MACH Gen and the Subsidiaries, as the sole member thereof, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Cases, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Moelis; and further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone) on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to employ the firm of Protiviti, Inc. ("Protiviti") as consultant to represent MACH Gen and the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance MACH Gen's and the Subsidiaries' rights, as applicable, and, in connection therewith, the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of MACH Gen and the Subsidiaries, as the sole member thereof, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Cases, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Protiviti; and further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and directed (any one of them acting alone), any of whom may act without the joinder of any of the others, is hereby authorized, empowered and directed on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP to employ the firm of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent and administrative advisor to represent MACH Gen and the Subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance MACH Gen's and the Subsidiaries' rights, as applicable, and, in connection therewith the Authorized Officers are hereby authorized and directed to, on behalf of and in the name of MACH Gen and the Subsidiaries, as the sole member thereof, (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to any filing of the Chapter 11 Cases, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Prime Clerk; and further

**RESOLVED**, that the Authorized Officers, and such other officers of MACH Gen as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and directed (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to employ any other professionals as they deem necessary or appropriate in their sole discretion to assist MACH Gen and the Subsidiaries in carrying out their duties under the Bankruptcy Code, including without limitation, the execution of appropriate retention agreements, payment of appropriate retainers prior to any filing of the Chapter 11 Cases, the filing of appropriate applications for authority to retain the services of any other professionals as they shall in their sole discretion deem necessary or desirable; and further

**RESOLVED**, that the Authorized Officers, and such other officers of MACH Gen as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and empowered (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to negotiate for and obtain postpetition financing consistent with the terms negotiated by management of MACH Gen in the RSA, including under the Senior Secured Superpriority Debtor-In-Possession Credit and Guaranty Agreement

substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>DIP Facility Agreement</u>") and other debtor-in-possession credit facilities or relating to the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such DIP Facility Agreement, postpetition financing or cash collateral agreements or other similar arrangements; and in connection therewith, the officers of MACH Gen be, and each hereby is, authorized and directed to execute the DIP Facility Agreement, appropriate loan agreements, guarantees, cash collateral agreements and related ancillary documents (the "<u>DIP Financing Documents</u>"); and further

**RESOLVED**, that the Authorized Officers, and such other officers of MACH Gen as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is, authorized and directed (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to cause MACH Gen and the Subsidiaries to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities (including, without limitation, the Federal Energy Regulatory Commission and the New York Public Service Commission), certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of their businesses; and further

**RESOLVED**, that each of the Authorized Officers, and such other officers of MACH Gen as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such Authorized Officers, may, in the name and on behalf of MACH Gen and the other MACH Gen Entities, use cash of MACH Gen and the Subsidiaries to fund, finance, pay or otherwise satisfy all existing and future operations, purchases, obligations, liabilities, fees and expenses of MACH Gen and the Subsidiaries occurring in the ordinary course of business or as necessary to effectuate a successful reorganization of their businesses; and further

**RESOLVED**, that in connection with any Chapter 11 Cases, the Authorized Officers, and such other officers of MACH Gen as the Authorized Officers shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers be, and each of them hereby is (any one of them acting alone), on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, authorized and directed on behalf of and in the name of MACH Gen and the Subsidiaries to negotiate, execute, deliver, and perform or cause the performance of the DIP Financing Documents, with such changes therein as shall be approved by such person executing the same, such approval to be evidenced conclusively by such person's execution and delivery thereof, and any additional notes, guarantees, security agreements, other agreements, consents, certificates or instruments as such person considers necessary, appropriate, desirable, or advisable to effectuate borrowings or other financial arrangements, such determination to be evidenced by such execution or taking of such action; and further

## II.    Further Actions and Prior Actions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of MACH Gen or their designees shall be, and each of them, acting alone, hereby is, authorized and directed, on behalf of MACH Gen and as applicable, on behalf of MACH Gen as the sole member of NAGC, NHGC and MGGP, to cause MACH Gen and the Subsidiaries, to take such action or execute such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as such officer or officers shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein or to fully accomplish any and all actions authorized to be taken in connection therewith; and to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein or to fully accomplish any and all actions taken in connection with the Restructuring contemplated thereby; and further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of MACH Gen or the Subsidiaries, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved, confirmed and ratified.

This consent may be executed and delivered in multiple counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the ___ day of February, 2014.

_____
Thomas Libassi, Chairman

_____
Garry N. Hubbard, CEO

_____
Luke Beltnick

_____
Michael Hogan

_____
Jim Ivey

_____
Chris Pucillo

_____
Albert Shin

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the __ day of February, 2014.

_____
Thomas Libassi, Chairman

_____
Garry N. Hubbard, CEO

_____
Luke Beltnick

_____
Michael Hogan

_____
Jim Ivey

_____
Chris Pucillo

_____
Albert Shin

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the 21 day of February, 2014.

_____
Thomas Libassi, Chairman


_____
Garry N. Hubbard, CEO


_____
Luke Beltnick


_____
Michael Hogan


_____
Jim Ivey


_____
Chris Pucillo


_____
Albert Shin

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the __ day of February, 2014.

_____
Thomas Libassi, Chairman

_____
Garry N. Hubbard, CEO

_____
Luke Beltnick

_____
Michael Hogan

_____
Jim Ivey

_____
Chris Pucillo

_____
Albert Shin

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the ☐ day of February, 2014.

_____
Thomas Libassi, Chairman


_____
Garry N. Hubbard, CEO


_____
Luke Beltnick


_____
Michael Hogan


_____
Jim Ivey


_____
Chris Pucillo


_____
Albert Shin

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the ▓ day of February, 2014.

_____
Thomas Libassi, Chairman


_____
Garry N. Hubbard, CEO


_____
Luke Beltnick


_____
Michael Hogan


_____
Jim Ivey


_____
Chris Pucillo


_____
Albert Shin

Page **7** of **9**

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent of the Board of Directors of MACH Gen, LLC as of the ___ day of February, 2014.

_____
Thomas Libassi, Chairman


_____
Garry N. Hubbard, CEO


_____
Luke Beltnick


_____
Michael Hogan


_____
Jim Ivey


_____
Chris Pucillo


_____
Albert Shin

## Exhibit A

January 8th Resolutions

## Exhibit B

DIP Facility Agreement

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- X
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MACH Gen, LLC,                                          :   Case No. 14- _____ (_____)
                                                        :
                            Debtor.                     :   (Joint Administration Requested)
                                                        :
------------------------------------------------------- X
```

**CONSOLIDATED LIST OF CREDITORS HOLDING
<u>30 LARGEST UNSECURED CLAIMS</u>**

On the date hereof, the above-captioned debtor and certain affiliated entities (collectively, "<u>MACH Gen</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  The following is a list of creditors holding the thirty (30) largest unsecured claims against MACH Gen, prepared on a consolidated basis from MACH Gen's unaudited books and records as of February 28, 2014 and in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.

Nothing herein shall constitute an admission of liability by, or be binding on, MACH Gen. MACH Gen reserves all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the corporate and legal documents shall control.

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor and Contact Familiar with Claim | Nature of Claim | Contingent, Unliquidated, Disputed, Or Subject To Setoff | Amount of Claim (if secured, also state value of security) |
|---|---|---|---|---|
| The Bank of New York Mellon, as Second Lien Collateral Agent | Bob Hingston<br>The Bank of New York Mellon<br>600 E Las Colinas Boulevard, Suite 1300<br>Irving, TX 75039<br>Tel.: (972) 401-8625<br>Fax: (972) 401-4954 | Bank Loan | | 1,030,749,624.42<br><br>Security Value: Unknown |
| Siemens Energy, Inc | Cory Martin<br>Siemens Energy, Inc<br>1345 Ridgeland Parkway, Suite 116<br>Alpharetta, GA 30004<br>Tel.: (678) 256-1810<br>Fax: (678) 256-1527 | Trade Debt | Unliquidated | 553,104.42 |
| Midwest Towers Inc | Ron Thompson<br>Midwest Towers Inc<br>P.O. Box 497<br>Windsor, CA 95492<br>Tel.: (707) 837-2190<br>Fax: (707) 837-2195 | Trade Debt | | 439,931.00 |
| NAES Corporation | Debra Olson, General Counsel<br>NAES Corporation<br>1180 NW Maple Street, Suite 200<br>Issaquah, WA 98027<br>Tel.: (425) 961-4700<br>Fax: (425) 270-6398 | Services | Unliquidated | 342,926.70 |
| Siemens Energy, Inc | Thomas Hare<br>Siemens Energy, Inc<br>4400 Alafaya Trail<br>Orlando, FL 32826<br>Tel.: (407) 736-5366<br>Fax: (407) 736-5645 | Trade Debt | Unliquidated | 279,872.32 |
| El Paso Natural Gas Company | Gregory Ruben<br>El Paso Natural Gas Company<br>2 N Nevada Avenue<br>Colorado Springs, CO 80903<br>Tel.: (719) 520-4870<br>Fax: (719) 520-4878 | Trade Debt | | 205,960.50 |
| Electrical Reliability Service | President or General Counsel<br>Electrical Reliability Service<br>24865 Network Place<br>Chicago, IL 60673<br>Tel.: (800) 259-4696<br>Fax: (866) 216-2491 | Trade Debt | | 146,432.00 |
| Arizona Public Service Company | President or General Counsel<br>Arizona Public Service Company<br>P.O. Box 2907<br>Phoenix, AZ 85062<br>Tel.: (602) 371-6767<br>Fax: (602) 250-3393 | Utility | Unliquidated | 137,000.00 |
| Voith Turbo Inc | Ruben Guzman<br>Voith Turbo Inc<br>25 Winship Road<br>York, PA 17406<br>Tel.: (717) 767-3200<br>Fax: (717) 767-3210 | Trade Debt | | 73,442.50 |

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor and Contact Familiar with Claim | Nature of Claim | Contingent, Unliquidated, Disputed, Or Subject To Setoff | Amount of Claim (if secured, also state value of security) |
|---|---|---|---|---|
| Puretec Industrial Water | Bill Justice<br>Puretec Industrial Water<br>3151 Sturgis Road<br>Oxnard, CA 93030<br>Tel.: (800) 906-6060<br>Fax: (800) 906-6070 | Trade Debt | Unliquidated | 70,306.50 |
| HMT, Inc | Mike Maine<br>HMT, Inc<br>P.O. Box 1957<br>6268 Route 31<br>Cicero, NY 13039<br>Tel.: (315) 699-5563<br>Fax: (315) 699-5911 | Trade Debt | Unliquidated | 64,243.35 |
| Siemens Energy, Inc | Long Term Program Manager<br>Siemens Energy, Inc<br>4400 Alafaya Trail<br>Orlando, FL 32826<br>Tel.: (407) 736-2000<br>Fax: (407) 736-5645 | Trade Debt | Unliquidated | 56,483.36 |
| Slack Chemical Company Inc | President or General Counsel<br>Slack Chemical Company Inc<br>P.O. Box 30<br>465 S Clinton Street<br>Carthage, NY 13619<br>Tel.: (315) 493-0430<br>Fax: (315) 493-3931 | Trade Debt | Unliquidated | 54,469.85 |
| Mytek Network Solutions LLC | Brian Blakley<br>Mytek Network Solutions LLC<br>2225 W Whispering Wind Drive, Suite 105<br>Phoenix, AZ 85085<br>Tel.: (877) 236-8583<br>Fax: (602) 532-7611 | Services | Unliquidated | 51,580.60 |
| Environex, Inc | Joseph Otto<br>Environex, Inc<br>1 Great Valley Parkway, Suite 4<br>Malvern, PA 19355<br>Tel.: (484) 320-8608<br>Fax: (484) 320-8639 | Trade Debt | Unliquidated | 50,000.00 |
| SPX Flow Technology USA Inc | Karen Webb<br>SPX Flow Technology USA Inc<br>4647 SW 40th Avenue<br>Ocala, FL 34474<br>Tel.: (352) 861-7872<br>Fax: (352) 873-5773 | Trade Debt | | 41,047.56 |
| Wilson Electric | Carlos Chagolla<br>Wilson Electric<br>600 E Gilbert Road<br>Tempe, AZ 85281<br>Tel.: (480) 505-6534<br>Fax: (480) 505-6700 | Trade Debt | Unliquidated | 35,932.00 |

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor and Contact Familiar with Claim | Nature of Claim | Contingent, Unliquidated, Disputed, Or Subject To Setoff | Amount of Claim (if secured, also state value of security) |
|---|---|---|---|---|
| Control Distributors Inc | John Hermes<br>Control Distributors Inc<br>7305 W Boston Street<br>Chandler, AZ 85226<br>Tel.: (480) 966-4388<br>Fax: (480) 966-6001 | Trade Debt | Unliquidated | 35,622.00 |
| Three C Electrical Company Inc | President or General Counsel<br>Three C Electrical Company Inc<br>190 Pleasant Street<br>Ashland, MA 01721<br>Tel.: (508) 881-3911<br>Fax: (508) 881-4814 | Trade Debt | Unliquidated | 30,000.00 |
| Rosemount Inc Emerson Process | President or General Counsel<br>Rosemount Inc Emerson Process<br>P.O. Box 730156<br>Dallas, TX 75373<br>Tel.: (952) 828-3700<br>Fax: (952) 828-3737 | Trade Debt | | 29,676.90 |
| Instrumentation & Controls LLC | Judy Felicetti<br>Instrumentation & Controls LLC<br>6829 W Frye Road<br>Chandler, AZ 85226<br>Tel.: (480) 921-0498<br>Fax: (480) 921-7391 | Trade Debt | Unliquidated | 27,475.20 |
| International Services LLC | Ben Hunnewell<br>International Services LLC<br>1305 Lakes Parkway, Suite 112<br>Lawrenceville, GA 30043<br>Tel.: (770) 491-8779<br>Fax: (678) 325-5447 | Trade Debt | Unliquidated | 26,680.00 |
| Stoddard Silencers Inc | Scott Stevenson<br>Stoddard Silencers Inc<br>1017 Progress Drive<br>Grayslake, IL 60030<br>Tel.: (847) 223-8636<br>Fax: (847) 223-8638 | Trade Debt | | 26,425.14 |
| McHale & Associates Inc | President or General Counsel<br>McHale & Associates Inc<br>4700 Coster Road<br>Knoxville, TN 37912<br>Tel.: (865) 314-2855<br>Fax: (425) 557-8377 | Trade Debt | Unliquidated | 25,703.06 |
| Schweitzer Engineering Laboratories Inc | Paul Taylor<br>Schweitzer Engineering Laboratories Inc<br>2350 NE Hopkins Court<br>Pullman, WA 99163<br>Tel.: (509) 334-8076<br>Fax: (509) 332-7990 | Trade Debt | Unliquidated | 25,200.00 |
| FPI Mechanical, Inc | Bob Synder<br>FPI Mechanical, Inc<br>11 Green Mountain Drive<br>Cohoes, NY 12047<br>Tel.: (518) 783-7066<br>Fax: (518) 783-7069 | Trade Debt | Unliquidated | 25,035.80 |

| Name of Creditor | Mailing Address, Telephone Number, and Facsimile Number of Creditor and Contact Familiar with Claim | Nature of Claim | Contingent, Unliquidated, Disputed, Or Subject To Setoff | Amount of Claim (if secured, also state value of security) |
|---|---|---|---|---|
| Dowd Battery Company, Inc | Michael Dowd<br>Dowd Battery Company, Inc<br>1571 Bronson Road<br>Grand Island, NY 14072<br>Tel.: (716) 773-3151<br>Fax: (716) 773-0958 | Trade Debt | Unliquidated | 24,302.00 |
| GE Mobile Water, Inc | Scott Gorry<br>GE Mobile Water, Inc<br>4545 Patent Road<br>Norfolk, VA 23502<br>Tel.: (860) 729-9166<br>Fax: (860) 291-9881 | Trade Debt | | 24,043.73 |
| Casey Industrial Inc | Jim Brockman<br>Casey Industrial Inc<br>3610 E Southern Avenue, Suite 6<br>Tempe, AZ 85040<br>Tel.: (602) 438-4779<br>Fax: (303) 465-5562 | Trade Debt | | 23,760.53 |
| Salt River Project | David Frederick<br>Salt River Project<br>P.O. Box 52025<br>Phoenix, AZ 85072<br>Tel.: (602) 236-3841<br>Fax: (602) 236-3808 | Trade Debt | | 18,823.49 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------------- X
                                                            :
In re:                                                      :    Chapter 11
                                                            :
MACH Gen, LLC,                                              :    Case No. 14- _____ (_____)
                                                            :
                          Debtor.                           :    (Joint Administration Requested)
                                                            :
----------------------------------------------------------- X

**DECLARATION REGARDING CONSOLIDATED LIST OF CREDITORS
HOLDING 30 LARGEST UNSECURED CLAIMS**

I, Garry N. Hubbard, the undersigned authorized officer of the above-captioned debtor,

declare under penalty of perjury that I have reviewed the foregoing Consolidated List of

Creditors Holding 30 Largest Unsecured Claims against the above-captioned debtor and certain

affiliated entities submitted herewith and that such list is true and correct to the best of my

knowledge, information, and belief.

Dated:  March 3, 2014                     By:  /s/ Garry N. Hubbard _____
                                          Name:  Garry N. Hubbard
                                          Title:  Chief Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------ X
                                                       :
In re:                                                 :    Chapter 11
                                                       :
MACH Gen, LLC,                                         :    Case No. 14- _____ (_____)
                                                       :
                           Debtor.                     :    (Joint Administration Requested)
                                                       :
------------------------------------------------------ X
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct owner(s) | Indirect owner(s)[1] |
|---|---|---|
| MACH Gen, LLC | Merrill Lynch Genco II, LLC<br>SOLA Ltd.<br>Strategic Value Global Opportunities Offshore Fund 1-A, LP<br>Strategic Value Master Fund, Ltd. | Värde Partners, L.P.<br>Solus Alternative Asset Management LP<br>Strategic Value Partners, LLC |

I, Garry N. Hubbard, the undersigned authorized officer of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that such list is true and correct to the best of my knowledge, information, and belief.

Dated:  March 3, 2014

By:  /s/ Garry N. Hubbard
Name:  Garry N. Hubbard
Title:  Chief Executive Officer

---

[1]    The entities listed below include entities that manage multiple direct or indirect owners who, in aggregate, own 10% or more of any class of equity interests in the above-captioned debtor.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------- X
                                                   :
In re:                                             :    Chapter 11
                                                   :
MACH Gen, LLC,                                     :    Case No. 14- _____ (_____)
                                                   :
                          Debtor.                  :    (Joint Administration Requested)
                                                   :
-------------------------------------------------- X
```

## LIST OF EQUITY SECURITY HOLDERS

       Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| BDF Limited<br>  c/o Strategic Value Partners LLC<br>  Attn: Aravind Rajasekharan<br>  100 West Putnam Avenue<br>  Greenwich, CT 06830 | Common units | 0.68% |
| Citigroup Alternative Investments, LLC<br>  Attn: Judith Ottensoser<br>  399 Park Avenue, 7th Floor<br>  New York, NY 10022 | Common units | 1.14% |
| Credit Suisse Securities (USA) LLC<br>  Attn: David Fitzgerald<br>  11 Madison Avenue, 5th Floor<br>  New York, NY 10010 | Common units | 8.72% |
| Guggenheim Portfolio Company X, LLC<br>  c/o Mason Capital Management LLC<br>  110 E 59th Street, 30th Floor<br>  New York, NY 10022 | Common units | <0.01% |
| Lehman Brothers Inc.<br>  c/o Hughes Hubbard & Reed LLP<br>  One Battery Park Plaza<br>  New York, NY 10004 | Common units | 0.05% |
| Loeb Partners Corporation<br>  61 Broadway, Suite 2450<br>  New York, NY 10006 | Common units | 0.44% |

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| Longacre Series SPV, LLC<br>  Attn: Marc Simon<br>  810 7th Avenue, 33rd Floor<br>  New York, NY 10019 | Common units | 3.05% |
| Mason Capital LP<br>  c/o Mason Capital Management LLC<br>  110 E 59th Street, 30th Floor<br>  New York, NY 10022 | Common units | 0.01% |
| Mason Capital Ltd.<br>  c/o Mason Capital Management LLC<br>  110 E 59th Street, 30th Floor<br>  New York, NY 10022 | Common units | 0.02% |
| Mason Sunnyside Credit Master Fund, Ltd.<br>  c/o Mason Capital Management LLC<br>  110 E 59th Street, 30th Floor<br>  New York, NY 10022 | Common units | 0.04% |
| Merrill Lynch Genco II, LLC<br>  214 N Tryon Street<br>  NC1-027-14-01<br>  Charlotte, NC 28255 | Common units | 13.90% |
| Sola LTD<br>  c/o Solus Alternative Asset Management LP<br>  410 Park Avenue, 11th Floor<br>  New York, NY 10022 | Common units | 10.63% |
| Solus Core Opportunities Master Fund Ltd<br>  c/o Solus Alternative Asset Management LP<br>  410 Park Avenue, 11th Floor<br>  New York, NY 10022 | Common units | 0.79% |
| Special Value Expansion Fund, LLC<br>  c/o Tennenbaum Capital Partners, LLC<br>  2951 28th Street, Suite 1000<br>  Santa Monica, CA 90405 | Common units | 0.97% |
| Special Value Opportunities Fund, LLC<br>  c/o Tennenbaum Capital Partners, LLC<br>  2951 28th Street, Suite 1000<br>  Santa Monica, CA 90405 | Common units | 0.80% |
| Stonehill Institutional Partners, LP<br>  c/o Stonehill Capital Mgmt LLC<br>  885 3rd Avenue, 30th Floor<br>  New York, NY 10022 | Common units | 1.84% |

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Amount of Interest Held |
|---|---|---|
| Strategic Value Global Opportunities Fund 1-A, LP<br>c/o Strategic Value Partners LLC<br>Attn: Aravind Rajasekharan<br>100 West Putnam Avenue<br>Greenwich, CT 06830 | Common units | 5.39% |
| Strategic Value Global Opportunities Offshore Fund 1-A, LP<br>c/o Strategic Value Partners LLC<br>Attn: Aravind Rajasekharan<br>100 West Putnam Avenue<br>Greenwich, CT 06830 | Common units | 18.26% |
| Strategic Value Master Fund, Ltd.<br>c/o Strategic Value Partners LLC<br>Attn: Aravind Rajasekharan<br>100 West Putnam Avenue<br>Greenwich, CT 06830 | Common units | 14.77% |
| TPG Credit Opportunities Fund, LP<br>c/o TPG Credit Management, L.P.<br>4600 Wells Fargo Center<br>90 S 7th Street<br>Minneapolis, MN 55402 | Common units | 0.82% |
| TPG Credit Opportunities Investors, LP<br>c/o TPG Credit Management, L.P.<br>4600 Wells Fargo Center<br>90 S 7th Street<br>Minneapolis, MN 55402 | Common units | 2.51% |
| TPG Credit Strategies Fund, LP<br>c/o TPG Credit Management, L.P.<br>4600 Wells Fargo Center<br>90 S 7th Street<br>Minneapolis, MN 55402 | Common units | 3.68% |
| UBS Securities LLC<br>Attn: Craig Pearson<br>677 Washington Boulevard<br>Stamford, CT 06901 | Common units | 0.40% |
| Varde Fund IX, L.P.<br>8500 Normandale Lake Boulevard, Suite 1500<br>Minneapolis, MN 55437 | Common units | 2.07% |
| Varde Investment Partners, LP<br>8500 Normandale Lake Boulevard, Suite 1500<br>Minneapolis, MN 55437 | Common units | 9.03% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- X
                                                        :
In re:                                                  :   Chapter 11
                                                        :
MACH Gen, LLC,                                          :   Case No. 14- _____ (_____)
                                                        :
                        Debtor.                         :   (Joint Administration Requested)
                                                        :
------------------------------------------------------- X
```

**DECLARATION REGARDING LIST OF EQUITY SECURITY HOLDERS**

I, Garry N. Hubbard, the undersigned authorized officer of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing List of Equity Security Holders of the above-captioned debtor and that such list is true and correct to the best of my knowledge, information, and belief.

Dated:  March 3, 2014        By:  /s/ Garry N. Hubbard
                             Name:  Garry N. Hubbard
                             Title:  Chief Executive Officer