**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MACH Gen, LLC, | : | Case No. 14-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 20-1306738 | : | |
| In re: | : | Chapter 11 |
| MACH Gen GP, LLC, | : | Case No. 14-_____(___) |
| Debtor. | : | |
| Tax I.D. No. 20-1306738 | : | |
| In re: | : | Chapter 11 |
| Millennium Power Partners, L.P., | : | Case No. 14-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 52-1756688 | : | |
| In re: | : | Chapter 11 |
| New Athens Generating Company, LLC, | : | Case No. 14-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 65-1230156 | : | |
| In re: | : | Chapter 11 |
| New Harquahala Generating Company, LLC, | : | Case No. 14-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 65-1230092 | : | |

**MACH GEN'S MOTION FOR ENTRY OF ORDER DIRECTING PROCEDURAL CONSOLIDATION AND JOINT ADMINISTRATION OF CHAPTER 11 CASES**

MACH Gen, LLC, MACH Gen GP, LLC, Millennium Power Partners, L.P., New Athens Generating Company, LLC, and New Harquahala Generating Company, LLC (each, a "<u>MACH Gen Entity</u>," and collectively "<u>MACH Gen</u>") hereby file this motion (the "<u>Motion</u>") seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, directing the procedural consolidation and joint administration of these chapter 11 cases. In support of this Motion, MACH Gen respectfully states as follows:

### Jurisdiction

1. This court (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

### Background

4. On March 3, 2014 (the "<u>Petition Date</u>"), each of the MACH Gen Entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The MACH Gen Entities continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases.

I.  **Overview of MACH Gen's Business Operations**

5.  Since 2004, MACH Gen has owned and managed a portfolio of merchant power plants within wholesale power markets across the United States. As of the Petition Date, MACH Gen owns three technologically advanced natural gas-fired electric generating facilities located in Athens, New York; Maricopa County, Arizona; and Charlton, Massachusetts (collectively, the "<u>Facilities</u>"). The Facilities dispatch electricity into geographically-diverse power markets and are among the most competitive gas-fired generating facilities in their respective markets. MACH Gen's revenues are primarily derived from the sale of energy, capacity, and ancillary services from the Facilities into these markets.

6.  As of December 31, 2013, MACH Gen generated approximately $350 million in operating revenue for the prior 12-month period at a net loss of approximately $120 million. Its unaudited balance sheet reflected assets of approximately $750 million and liabilities of approximately $1.6 billion as of December 31, 2013.

II.  **Prepetition Circumstances, Negotiations, and Solicitation**

7.  MACH Gen's balance sheet first came under pressure in the early 2000s, shortly after the original financing for the Facilities was put into place. Although a number of restructuring or refinancing transactions have since occurred and, in 2008, sale proceeds from one of MACH Gen's then-owned four generating facilities provided MACH Gen with additional liquidity and borrowing capacity adequate to meet all of its current obligations, MACH Gen's leverage remained high, with a significant level of second lien payment-in-kind debt, with a maturity in February 2015 and interest continuing to accrue and augment the loan balance. MACH Gen's ability to service its long term debt has also been negatively impacted by declining

3

operating revenues since 2009 that have resulted from industry-wide circumstances, despite the advanced capabilities of the Facilities.

8. In late 2013, MACH Gen entered into discussions with certain of its key stakeholders regarding a comprehensive solution to its balance sheet and related liquidity issues. As a result of those efforts, MACH Gen entered into that certain Restructuring Support Agreement, dated as of January 15, 2014 (the "RSA"), with holders of all of its first lien debt, holders of in excess of 75% of its second lien debt, and holders of in excess of 85% of the interests in MACH Gen, LLC. The RSA provides for a consensual restructuring under a prepackaged chapter 11 plan that will, among other things, significantly reduce MACH Gen's long-term liabilities by approximately $1 billion, improve its overall financial condition and creditworthiness, and ensure MACH Gen's continued operations as a competitively-positioned going concern.

9. In accordance with the RSA, on January 21, 2014, MACH Gen began soliciting votes on the *Joint Prepackaged Chapter 11 Plan of MACH Gen, LLC and Its Affiliated Debtors and Debtors in Possession*, dated January 21, 2014 (as may be amended, supplemented, restated, or modified from time to time, the "Plan"), which provides for all non-voting classes, including general unsecured creditors, to be paid in full or otherwise rendered unimpaired. The Plan has received the overwhelming support of MACH Gen's stakeholders, with all voting classes under the Plan voting unanimously to accept the Plan. Contemporaneously herewith, MACH Gen is filing a motion seeking entry of an order approving the disclosure statement for the Plan (the "Disclosure Statement"), approving MACH Gen's prepetition solicitation of the Plan, and confirming the Plan, as well as a scheduling order for a combined hearing with respect to such relief.

**III.     Additional Information**

10.     Additional information regarding MACH Gen's businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of Garry N. Hubbard in Support of MACH Gen's Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") and the Disclosure Statement, each of which is being filed contemporaneously herewith.

**Relief Requested**

11.     MACH Gen seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, directing the procedural consolidation and joint administration of these chapter 11 cases.

12.     Specifically, MACH Gen requests that the Court maintain one file and one docket for all of the jointly-administered cases under the case of MACH Gen, LLC, and that each of the MACH Gen Entities' chapter 11 cases be administered under a consolidated caption, in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MACH Gen, LLC, *et al.*,[1] | : | Case No. 14-_____ (___) |
| Debtors. | : | (Jointly Administered) |

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (a) MACH Gen, LLC (6738); (b) MACH Gen GP, LLC (6738); (c) Millennium Power Partners, L.P. (6688); (d) New Athens Generating Company, LLC (0156); and (e) New Harquahala Generating Company, LLC (0092). The debtors' principal offices are located at 9300 US Highway 9W, Athens, New York 12015.

5

13. MACH Gen further requests that the Court determine that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

14. MACH Gen also requests that an entry, substantially similar to the following, be entered on the docket of each of the MACH Gen Entities' chapter 11 cases, other than the chapter 11 case of MACH Gen, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: MACH Gen, LLC, Case No. 14-_____; MACH Gen GP, LLC, Case No. 14-_____; Millennium Power Partners, L.P., Case No. 14-_____; New Athens Generating Company, LLC, Case No. 14-_____; and New Harquahala Generating Company, LLC, Case No. 14-_____. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 14-____(___).

**Basis For Relief**

15. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The five MACH Gen entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

16. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for

procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L. R. 1015-1.

17. Courts in this District routinely order joint administration in cases with multiple related debtors. See, e.g., In re Maxcom Telecomunicaciones, S.A.B. de C.V., No. 13-11839 (PJW) (Bankr. D. Del. July 25, 2013) (directing joint administration of chapter 11 cases); In re Dex One Corp., No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013) (same); In re Conexant Sys., Inc., No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (same); In re ICL Holding Co. (f/k/a LCI Holding Co.), No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (same); In re CHL, Ltd., No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012) (same).

18. Given the integrated nature of MACH Gen's operations and the fact that the MACH Gen Entities have jointly proposed a prepackaged chapter 11 plan, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each MACH Gen Entity. The entry of an order directing the joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

19. Moreover, joint administration will not adversely affect the MACH Gen Entities' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of MACH Gen's estates. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with joint administration.

7

Accordingly, MACH Gen submits that the joint administration of these chapter 11 cases is in the best interests of its estates, its creditors, and all other parties in interest.

## Notice

20. MACH Gen will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims on a consolidated basis; (iii) counsel to the Prepetition First Lien Agent and DIP Agent; (iv) counsel to the Consenting Second Lien Lenders; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002(i). As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). MACH Gen submits that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## No Prior Request

21. No prior motion for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, MACH Gen respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) directing the procedural consolidation and joint administration of these chapter 11 cases, and (ii) granting such further relief as may be appropriate and proper.

Wilmington, Delaware
Dated: March 3, 2014

Respectfully submitted,

**RICHARDS, LAYTON, & FINGER, P.A.**

 /s/ Russell C. Silberglied
Russell C. Silberglied (No. 3462)
John H. Knight (No. 3848)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: silberglied@rlf.com
         knight@rlf.com
         shapiro@rlf.com

- and -

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Matthew S. Barr (*pro hac vice* admission pending)
Tyson M. Lomazow (*pro hac vice* admission pending)
Michael E. Comerford (*pro hac vice* admission pending)
One Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 830-5000
Email: mbarr@milbank.com
         tlomazow@milbank.com
         mcomerford@milbank.com

*Proposed Counsel to MACH Gen, LLC
and Its Affiliated Debtors and Debtors in Possession*

9